IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| **ANTHONY BRIDGES** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** _____ |
| | ) | |
| **EARLY COUNTY, LIEUTENANT** | ) | **JURY DEMANDED** |
| **JAMES KIMBLE,** | ) | |
| **and SHERIFF WILLIAM PRICE.** | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, ANTHONY BRIDGES, by and through his attorneys and hereby alleges as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff, ANTHONY BRIDGES, seeks relief for Defendants' violations—under color of law—of his rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and all applicable laws of the State of Georgia.

## JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 (3) and (4), as this action seeks redress for the violation of Plaintiff's Constitutional and Civil Rights.

3.      Plaintiff's claims for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the *Federal Rules of Civil Procedure*.

4.      Plaintiff, further, invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), over any and all State law claims that are so related to the claims within the

original jurisdiction of this Court, that they form part of the same case or controversy.

## VENUE

5.      Venue is proper in the United States District Court for the Middle District of

Georgia, pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the Judicial District in which the events

giving rise to Plaintiff's claim(s) occurred.

## JURY DEMAND

6.      Plaintiff demands a trial by jury in this action on each one of his claims.

## PARTIES

7.      Plaintiff, ANTHONY BRIDGES, is a citizen of the United States, and is and was

at all times relevant herein a resident of the County of Early, and State of Georgia.

8.      Defendant, EARLY COUNTY (hereinafter "the County"), is a Municipal

Corporation organized under the laws of the State of Georgia. At all times relevant hereto,

Defendant County, acting through the EARLY COUNTY SHERIFF'S DEPARTMENT

(hereinafter "Early SO"), was responsible for the policy practice, supervision, implementation, and

conduct of all law enforcement matters and was responsible for the appointment, training,

supervision, discipline, retention and conduct of all Early SO personnel. In addition, at all times

herein relevant, Defendant County was responsible for enforcing the rules of the Sheriff's

Department, and for ensuring that Sheriff's Department personnel obey the laws of the United

States, the State of Georgia, the United States Constitution, and the Constitution of the State of

Georgia.

9.      Defendant, LIEUTENANT JAMES KIMBLE was employed as law enforcement

officer by the Early County Sheriff's Department in Early County, Georgia, at all times herein

relevant to the allegations set forth in this Complaint and is believed to be a resident and citizen of

2

the United States and the State of Georgia. Defendant, LIEUTENANT JAMES KIMBLE is being

sued in his individual capacity and official capacities.

**10.** Defendant, SHERIFF WILLIAM PRICE is the duly elected Sheriff of Early

County, Georgia. He is the chief law enforcement officer of the Early County Sheriff's

Department, and at all times herein relevant to the allegations set forth in this Complaint, Sheriff

Price was in command of Defendant JAMES KIMBLE. Defendant PRICE is believed to be a

resident and citizen of the United States and the State of Georgia. Defendant, SHERIFF WILLIAM

PRICE is being sued in his official capacities.

### FACTS

**11.** On or around October 5, 2012 Plaintiff entered into an agreement with Karlicia Rogers

and Peggy Rogers for repairs and renovations to the real property located at 357 Summerset Loop,

Early County, Georgia. (A copy of said agreement is attached hereto as Exhibit "A".)

**12.** On or around November 12, 2021, following a dispute regarding the contractor draw

schedule, Plaintiff entered into a more a revised agreement with a Karlicia Rogers and Peggy

Rogers, for the purposes of establishing a more definite draw and construction schedule for the

renovations and repairs at 357 Summerset Loop, Early County, Georgia (A copy of said agreement

is attached hereto as Exhibit "B".)

**13.** At some point during Plaintiff's performance of his duties under the agreement a dispute

arose between Plaintiff and Mrs. Rogers and Mrs. Rogers then refused to pay the second draw in

accordance with the Agreement.

**14.** Following the dispute over the work that was being performed, Mrs. Rogers contacted

Early County Sheriff's Office to attempt to have warrants taken against Plaintiff based on the

contract dispute.

**15.**   Mrs. Rogers contacted Defendant KIMBLE, an employee with the Early County Sheriff's Department in the performance of his official duties as a duly certified law enforcement officer.

**16.**   On February 7, 2022, Defendant KIMBLE then contacted Ronald Victor McNease, District Attorney for the Pataula Circuit and the Chief Prosecutor in Early County.

**17.**   After Defendant KIMBLE briefed Mr. McNease on the facts and circumstances of Mrs. Rogers' complaints, Defendant KIMBLE was instructed that the Plaintiff's actions were not criminal and the matter was civil in nature only because no law was violated. A copy of the incident report recounting Defendant Kimble's conversation with Mr. Mcnease is attached hereto as Exhibit "C".

**18.**   On February 8, 2022 Defendant KIMBLE then informed Mrs. Rogers of Mr. McNease's position and analysis of no criminality against Plaintiff.

**19.**   During the conversation with Mrs. Peggy Rogers, Mrs. Rogers stated "this is not right, I held up my end of the contract and he should be made to hold his end" and that she wanted a second opinion.

**20.**   During the same conversation, Defendant KIMBLE reported that he told Mrs. Rogers that he would inquire about the case to Brandi Thompson the Chief Assistant District Attorney with the Pataula Judicial Circuit and a subordinate of Ronald Victor McNease.

**21.**   Upon information and belief, Defendant KIMBLE then spoke with Mrs. Thompson regarding the dispute and was further instructed that there was no criminal culpability and that it was a civil matter.

**22.**   Upon information and belief, either Mrs. Rogers or Defendant Kimble then contacted Magistrate Court of Early County regarding the same civil dispute.

23.  Upon information and belief, following the conversation with the Magistrate Court, Defendant Kimble was instructed to prepare warrants for Judge Altman's signature.

24.  Judge Altman then issued warrants for Plaintiff's arrest for violations of O.C.G.A. 16-8-15 (Theft by conversion of payments for property improvements) and O.C.G.A. 16-8-3 (Theft by Deception).  (True and accurate copies of Arrest Warrants No. 22-75-A and 22-75-B are attached hereto as Exhibit "D".)

25.  Following the issuance of the arrest warrant, Plaintiff was arrested and held in custody for a total of three (3) days.

26.  During his incarceration, Plaintiff was not provided his required daily medications to treat a number of illnesses, including but not limited to, high blood pressure and diabetes.

27.  Plaintiff was deprived of multiple medications, including but not limited to, Altovastatin, Glimepiride, Amlodipine, Losartan Potassium, and Tinzanidine even after said medications were provided in their prescription bottles by Plaintiff's wife.

28.  Because of being deprived of said medications, EMS was eventually called to assist in treating Plaintiff prior to his release on bond.

29.  Due to said deprivation, Plaintiff was subjected to undue pain, discomfort, fear and possible risk of life as a result of his untreated medical conditions.

30.  Plaintiff was released on Bond awaiting arraignment for Early County Superior Case Docket No. 2022-115.

31.  The Pataula District Attorney's Office then, upon receiving the file for prosecution, reviewed the allegations once again, and the same conclusion was reached for a second time, that Plaintiff had no criminal culpability and that the dispute was purely a civil matter.

32.  The case in Docket No. 2022-115 was then dismissed against Plaintiff in their entirety. A copy of said dismissal is attached hereto as Exhibit "E".

33.      At all times relevant herein, Defendants, WIMBERLY and CRAFT, knew and/or were on actual notice that, their actions amounted to that conduct which is likely to lead to, or to be legally construed to be, a violation of the Constitutional Rights of others; and specifically a violation of the Constitutional Rights of the Plaintiff.

34.      During Plaintiff's interactions with Defendants, KIMBLE, Defendants unlawfully restricted Plaintiff's right to freedom of speech by unlawfully arresting Plaintiff.

35.      During the Plaintiff's unlawful arrest, as set forth above, Defendant KIMBLE supervised, planned, witnessed, participated in and/or engaged in the following excessive and unreasonable actions:

  a. Arrested Plaintiff without probable cause, without permission, and without a valid warrant;

  b. They unlawfully seized Plaintiff; and

  c. They unlawfully arrested Plaintiff.

36.      The Plaintiff was unlawfully detained, forced and coerced against his will, and thereby deprived of his personal liberty and/or freedom of movement for a period of three (3) days.

37.       Further, during the unlawful seizure and arrest, the Plaintiff was not permitted to:

  a.   Enter or leave his home;

  b.   Move freely about within his home;

  c.   Speak freely to the occupying police officers;

  d.   Ask questions of the police officers who were holding him and occupying his house; and/or

  e.   Enjoy the quiet and peaceful solitude of Plaintiff's residence, free from the unreasonable, unlawful and illegal presence and restraint of law enforcement officials.

6

38.     At all times relevant herein, the confinement of the Plaintiff to the Early County Jail and to specific spaces within said Jail, against his will, was without any reasonable suspicion to so confine him, nor did Defendants possess probable cause to do so.

39.     At all times relevant herein, the force and threat of force that was used by the Defendants to arrest Plaintiff, hold him, restrain him and falsely imprison him in, during the period that he was detained, was unnecessary, excessive, unlawful and unreasonable.

40.     As a direct and proximate result of the acts and conduct of the Defendants complained of herein, Plaintiff has sustained the following injuries and damages, among others:

a.      Emotional and psychological injury, including but not limited to distress, grief, fright, worry, resentment, shame, despair, embarrassment, anxiety and depression; and

b.      Deprivation of liberty and property.

41.      As a direct and proximate result of the acts and conduct of the Defendants complained of herein, Plaintiff and Plaintiff's business interests and relationships as a contractor and handyman has been irreparably damaged by the illegal and unconstitutional actions taken by Early County Sheriff's office.

## CLAIMS

### FIRST CLAIM FOR RELIEF:
### 42 U.S.C. § 1983 – FOURTH AMENDMENT
### UNLAWFUL ENTRY, SEARCH AND SEIZURE

42.      Plaintiff incorporates herein, the allegations as set forth in the above and foregoing Paragraphs, 1 through 41, as if fully set forth here.

43.      The Defendants' acts and conduct described above, all under color of law, did violate the Plaintiff's freedom against unlawful and unreasonable entry, search, and seizure, as secured by the Fourth Amendment to the United States Constitution.

44.      As a direct and proximate result of the acts and conduct of the Defendants complained of herein, Plaintiff has sustained the following injuries and damages, among others:

      **a.** Physical injury, loss of liberty, incarceration for a period of three days;

      **b.** Emotional and psychological injury, including but not limited to anxiety and depression;

      **c.** Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional and psychological distress, past and future; and

      **d.** complete loss of income and damage to business reputation.

**SECOND CLAIM FOR RELIEF:**
**42 U.S.C. § 1983 – FOURTH AMENDMENT**
**FALSE ARREST/FALSE IMPRISONMENT**

45.      Plaintiff incorporates herein, the allegations as set forth in the above and foregoing Paragraphs, 1 through 44, as if fully set forth here.

46.      At all times relevant herein, the Defendants confined and/or caused the confinement of the Plaintiff, through force and coercion, involuntarily and against his will. Plaintiff was placed in handcuffs, thereby constituting an arrest of his person without lawful cause or justification.  As a part of this coercion, Defendants forced him, or caused him to be forced, to remain.

47.      Plaintiff was falsely arrested and imprisoned, thereby depriving him, against his will and without lawful authority, of his personal liberty and freedom of movement, using actual physical force and the threat of force.

48.      The Defendants' acts and conduct described above did violate the Plaintiff's right to be free from unreasonable, excessive and unlawful seizures, as secured by the Fourth and Fourteenth Amendments to the United States Constitution. The false imprisonment and other forms of unreasonable seizure of the Plaintiff were undertaken by the Defendants in the absence

8

of probable cause so to do.

49.    As a direct and proximate result of the acts and conduct of the Defendants complained of herein, Plaintiff has sustained the following injuries and damages, among others:

a.    Physical injury, loss of liberty, incarceration for a period of three days;

b.    Deprivation of liberty and property;

c.    Emotional and psychological injury, including but not limited to anxiety and depression;

d.    Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future; and

e.    damage to business reputation.

### THIRD CLAIM FOR RELIEF:
### 42 U.S.C. § 1983 – EXCESSIVE FORCE

50.    Plaintiff incorporates herein, the allegations as set forth in the above and foregoing Paragraphs, 1 through 49, as if fully set forth here.

51.    The Defendants' acts and conduct, as fully described above—including but not limited to the grabbing of Plaintiff and placing the Plaintiff in handcuffs without probable cause or any legally justifiable reason to do so—further violated Plaintiff's rights to be free from unreasonable and excessive physical force and seizure as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

52.    This unreasonable and excessive physical force and seizure was imposed by Defendants acting under color of State law.

53.    As a direct and proximate result of the acts and conduct of the Defendants complained of herein, Plaintiff has sustained the following injuries and damages, among others:

a.    Physical injury, loss of liberty;

9

b.        Deprivation of liberty and property;

c.        Emotional and psychological injury, including but not limited to anxiety and

depression;

d.        Pain, suffering, mental anguish, public and private humiliation, embarrassment and

emotional distress, past and future; and

**FOURTH CLAIM FOR RELIEF:**
**42 U.S.C. §1983 AGAINST DEFENDANTS WILLIAM PRICE, for SUPERVISORY**
**LIABILITY of DEFENDANT SARGEANT KIMBLE**

**54.**        Plaintiff incorporates herein, the allegations as set forth in the above and foregoing

Paragraphs, 1 through 53, as if fully set forth here.

**55.**        Defendant PRICE had actual or constructive knowledge of the conduct of Defendants

KIMBLE and, all the actions and failures to act of Defendants KIMBLE described above, and that

said conduct posed a pervasive and unreasonable risk of constitutional injury to citizens like the

Plaintiff.

**56.**        Defendant PRICE had a duty to supervise Defendants KIMBLE, a duty that

encompasses training, supervision and discipline. Defendant PRICE was grossly negligent in their

supervision of Defendants KIMBLE in failing to properly and adequately supervise Defendants

KIMBLE's actions, and failures to act, as described hereinabove.

**57.**        Defendant PRICE's responses to the knowledge of actions and failures to act as

described hereinabove shows deliberate indifference or tacit authorization of the alleged offensive

conduct.

**58.**        Defendant PRICE knew or should have known that his supervision of Defendants

KIMBLE was inadequate and created the possibility for potential harm such that the Plaintiff has

due to Defendant PRICE's, actions or failures to act in the supervision of Defendants KIMBLE.

10

59.     The Count is liable for the damages suffered by Plaintiff as a result of the conduct of its employees, agents, and public servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong: they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to stand and continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition of the event. The County has been alerted to the wrongdoings of those employed by the Early County Sheriff's Department but has nevertheless exhibited deliberate indifference to such wrongdoings; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

60.     Plaintiff has been damaged because of the deliberate indifference of the County to the Constitutional rights of the County's inhabitants.

61.     Because of the willful, knowing and grossly negligent acts and omissions by Defendant PRICE in supervising Defendant KIMBLE, Plaintiff has suffered damages as hereinafter set out.

### FIFTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Violations of the Eight Amendment to the U.S. Constitution

62.     Plaintiff incorporates herein, the allegations as set forth in the above and foregoing Paragraphs, 1 through 61, as if fully set forth here.

63.     During the time that Plaintiff was held prior to the grant of a bond, Defendant County failed to provide Plaintiff with medical necessary medications for a period of 24 hours or longer.

64.     Plaintiff was denied said medications even after Defendant County was provided with the medications in their original containers with the dosage information thereon.

65.     Said deprivation of medically necessary medications caused Plaintiff's condition to deteriorate until EMS was called to assess Plaintiff and provide the medications that were being denied.

66.      Said deprivation were sufficiently harmful to evidence Defendant County and the agents in their employ's deliberate indifference to serious medical needs.

67.      The deliberate indifference to Plaintiff's serious medical needs and deprivation of required medications violated Plaintiff's Eight Amendment rights and Plaintiff has suffered irreparable harm as a result of said Defendant's actions.

68.      As a direct and proximate result of the acts and conduct of the Defendants complained of herein, Plaintiff has sustained the following injuries and damages, among others:

    a.      Physical injury;

    b.      Deprivation of liberty and the ability to provide self-care medical treatment;

    c.      Emotional and psychological injury, including but not limited to anxiety and depression; and

    d.      Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.

**SIXTH CLAIM FOR RELIEF:**
**ASSAULT**

69.      Plaintiff incorporates herein, the allegations as set forth in the above and foregoing Paragraphs, 1 through 68, as if fully set forth here.

70.      On or about May 25, 2022, the Defendants assaulted the Plaintiff by intentionally acting in a way, as set forth hereinabove, that caused Plaintiff to be in apprehension of imminent and harmful contact, without probable cause or any legally justifiable reason to do so against his will.

71.      As a direct and proximate result of the acts and conduct of the Defendants complained of herein, Plaintiff has sustained the following injuries and damages, among others:

    a.      Physical injury, loss of liberty;

b.      Deprivation of liberty and property;

c.      Emotional and psychological injury, including but not limited to anxiety and depression; and

d.      Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.

## SEVENTH CLAIM OF RELIEF: BATTERY

72.     Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs, as if fully set forth herein.

73.     On or about May 25, 2022, the Defendant Kimble, during the course and scope of his duties, assaulted the Plaintiff by making purposeful contact, as set forth hereinabove, with the intent to harm, offend or restrict Plaintiff's rights without probable cause or any legally justifiable reason to do so against his will.

74.     As a direct and proximate result of the acts and conduct of the Defendants complained of herein, Plaintiff has sustained the following injuries and damages, among others:

e.      Physical injury, loss of liberty;

f.      Deprivation of liberty and property;

g.      Emotional and psychological injury, including but not limited to anxiety and depression; and

h.      Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.

## EIGHT CLAIM FOR RELIEF: RESPONDEAT SUPERIOR

75.     Plaintiff incorporates herein, the allegations as set forth in the above and foregoing Paragraphs, 1 through 73, as if fully set forth here.

13

**76.** Defendants' intentional tortious acts were undertaken within the scope of their employment by Defendant County and in furtherance of the Defendant County's interest.

**77.** As a direct and proximate result of Defendants' tortious conduct and in the course of their employment and in furtherance of the business of Defendant County, Plaintiff sustained the following injuries and damages, among others:

    **a.** Physical injury, loss of liberty;

    **b.** Deprivation of liberty and property;

    **c.** Emotional and psychological injury, including but not limited to anxiety and depression; and

    **d.** Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.

### NINTH CLAIM FOR RELIEF:
### OUTRAGE

**78.** Plaintiff incorporates herein, the allegations as set forth in the above and foregoing Paragraphs, 1 through 76, as if fully set forth here.

**79.** The Defendants' said actions as described hereinabove toward the Plaintiff were so outrageous in character, and so extreme in degree, so as to go beyond all possible bounds of decency and are atrocious and utterly intolerable in a civilized society.

**80.** The emotional distress that the Defendants caused Plaintiff to suffer was so severe that no reasonable person could be expected to endure it.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands the following relief against Defendants, EARLY COUNTY, EARLY COUNTY SHERIFF'S DEPARTMENT, KIMBLE, and PRICE:

    **(a)** A declaration that Defendants violated the federal rights of Plaintiff;

**(b)**     Compensatory damages for the physical, emotional, and economic injuries suffered

by Plaintiff by reason of defendants' unlawful and unjustified conduct, in an

amount fair, just and reasonable and in conformity with the evidence at trial;

**(c)**     For a jury trial on all issues of Law;

**(d)**     Punitive and exemplary damages as to the Defendants to the extent allowable by

state and federal law;

**(e)**     Attorneys fees and costs as allowed, pursuant to 42 U.S.C. §1988; and

**(f)**     Such other and further relief as appears just and proper.

Respectfully submitted, this 17th day of November, 2023.

/s/ *Douglas R. McMillan*                  /s/ *William M. Shingler, Jr.*
Douglas R. McMillan                         William M. Shingler, Jr.
Ga Bar: 621646                              Ga. Bar: 193015
SHINGLER & McMILLAN, LLC                    SHINGLER & McMILLAN, LLC
Attorneys for Plaintiffs                    Attorneys for Plaintiffs
226 Cherry Street                           226 Cherry Street
Donalsonville, Georgia 39845                Donalsonville, Georgia 39845
Tel: (229) 524-1225                         Tel: (229) 524-1225
Email: Doug@shinglermcmillan.com            Email: billy@shinglermcmillan.com